(No. 76-CC-1405–)

JOSEPH J. DUFFY Co., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 2, 1981.*

SCHIFF, HARDIN & WAITE (BARRY S. ALBERTS, of counsel), for Claimant.

TYRONE C. FAHNER, Attorney General (FRANCIS M. DONOVAN, Assistant Attorney General, of counsel), for Respondent.

Per Curiam.

The instant claim involves an alleged breach of contract between Respondent's agent, the Capital Development Board (CDB) and Joseph J. Duffy Co. (Claimant). Briefly stated, the claim arises out of the CDB's acceptance of Claimant's bid to perform a portion of the construction of a new high school in Chicago, Illinois, and the CDB's subsequent failure and refusal to perform its obligations under the contract between the parties. Claimant seeks damages in the amount of $312,244.00 based upon the verified bill of particulars that was filed herein by Claimant.

This cause comes before this Court on the basis of a joint stipulation submitted by the parties hereto wherein the CDB admits all of the allegations of the complaint as filed with respect to the issue of liability. In this regard, the CDB admits, among other things: that Claimant's bid complied with all of the bidding requirements and documents issued by the CDB, including a minority participation requirement; that, of the five bids received by the CDB at the public opening of bids on October 30, 1975, Claimant's bid for the construction project in the amount of $1,544,863 was the lowest bid that complied with all of the bidding requirements and documents and that, as such, Claimant's bid was the lowest responsible bid for the construction project; that the amount of Claimant's bid was $184,137 below the CDB's budget for the project; that the CDB accepted Claimant's bid; that such acceptance created a binding, enforceable contract between the parties; and that, notwithstanding that Claimant at all relevant times was ready, willing and able to perform, the CDB, without lawful justification, failed and refused to perform its obligations under the contract with Claimant. Because Claimant's bid was the lowest bid that complied with all of the CDB's bidding require-

ments and documents, including the material minority participation requirement, Claimant's bid was the "lowest responsible" bid for the construction project within the meaning of the provisions of the Illinois Purchasing Act. (Ill. Rev. Stat. 1975, ch. 127, par. 132.1 *et seq. Cf. S. N. Nielson Co. v. Public Building Com.* (1980), 81 Ill. 2d 290.) And, the CDB's acceptance of Claimant's bid created a binding, enforceable contract between the parties. (*Park Commissioners v. Carmady* (1908), 139 Ill. App. 635; *People ex rel. Department of Public Works and Buildings v. Southeast National Bank of Chicago* (1971), 131 Ill. App. 2d 238.) Accordingly, the CDB's admissions satisfy the legal requirements concerning recovery in a cause of action based on contract, to-wit, existence of a contract and breach thereof.

Having before it the requisite elements of liability, the only thing remaining for this Court to do is to assess damages. In the joint stipulation, the parties have recommended to the Court that an award be entered in the amount of one hundred thousand dollars ($100,000).

It must first be noted that this Court is not bound by any stipulation of the parties regarding the element of damages. It is the function of this Court to adjudicate controversies between the State of Illinois and Claimants. In so doing, this Court has the responsibility of considering all of the elements of the case and arriving at a fair and reasonable amount of damages in light of the facts of the case.

However, this Court will not reject a recommendation of the parties where that recommendation appears to be reasonable, has been entered into without duress on the part of either party and has been made with full knowledge and authorization by the parties. In light of the fact that both parties have conducted full discovery

herein, that the recommendation is jointly made with the full knowledge and proper authorization of each party, and given the problems of proof inherent in the trial of a matter of the nature herein and in the interests of judicial economy, this Court hereby accepts the recommendation of the parties regarding an award in this case.

It is hereby ordered that the Court's order of September 7, 1978, is vacated and an award be entered in favor of the Claimant, Joseph J. Duffy Co., in the amount of one hundred thousand dollars ($100,000.00) in full and complete satisfaction of any and all matters which are the subject of the complaint filed herein.